UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DEWAYNE HATTON,<br><br>  Plaintiff,<br><br>  v.<br><br>MILLS, et al.,<br><br>  Defendants. | No. 2:21-cv-2416 KJN P<br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

     Plaintiff alleges the following.  On October 10, 2021, plaintiff cursed out an Aramark worker because items plaintiff paid for were missing.  Defendant Mills came to plaintiff's cell door claiming plaintiff had insufficient funds; because Mills was not listening to plaintiff he called her a bitch.  Plaintiff received a disciplinary and on October 13, 2021, he was found guilty and was denied commissary privileges for 30 days, starting on October 18, 2021.  On October 17, 2021, during commissary delivery, plaintiff noticed his packages were being held.  Plaintiff asked why, and defendant Mills responded that it was due to plaintiff being on restriction.  Plaintiff objected that his restriction did not start until the next day.

     In response to plaintiff's grievance concerning the deprivation, defendant Mills claimed that plaintiff began cursing at her and the Aramark worker, which plaintiff alleges is false, and Mills claimed she felt it was unsafe to open plaintiff's cell door.

Discussion

     "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted).  To state a viable First Amendment retaliation claim, a prisoner must allege five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First Amendment includes communications that are "part of the grievance process."  Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the

defendant who took adverse action against him, and plead that the allegedly adverse action[1] was taken "because of" plaintiff's protected conduct.[2]

The Ninth Circuit has found that preserving institutional order, discipline and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners.").  Therefore, the burden is on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of.").

Here, based on plaintiff's allegations, plaintiff's retaliation claim fails for several reasons.

First, plaintiff identifies no protected conduct that may have motivated defendant to deprive plaintiff of his commissary packages on one day.  Indeed, in his inmate grievance, plaintiff stated that Deputy Mills withheld the package to provoke plaintiff into using bad language; that the Aramark worker and Deputy Mills have issues that need to be dealt with; and "[t]his is clearly a form of retaliation because the date shows when my restriction shows." (ECF No. 1 at 7.)  In response, Deputy Gill construed plaintiff's grievance as stating plaintiff believed he was being retaliated against because of a previous commissary issue with Deputy Mills and the Aramark worker. (ECF No. 1 at 9.)  Deputy Gill spoke with defendant Mills who claimed plaintiff began cursing at her and the Aramark worker when they entered the pod, calling them

---

[1] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006).  See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

[2] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts.  See Rhodes, 408 F.3d at 567.  Prison officials may not retaliate against prisoners for exercising these rights.  Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

bitches, which "created a situation where deputy Mills felt it was unsafe to open [plaintiff's] cell door to deliver [the] commissary bags." (ECF No. 1 at 9.) Deputy Gill noted that plaintiff's orders 541174, 543203 and 543211 were credited on October 11 and 18, 2021. (Id.) Plaintiff's subsequent grievance confirms that the order was credited to his account. (ECF No. 1 at 10.)

Obtaining commissary items is not protected conduct. Prisoners do not have a constitutional right to use the prison commissary. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of § 1983 claim for denial of prison canteen products because "[t]here is no constitutional right to such items"). Thus, absent facts not alleged here, plaintiff cannot meet element three of a retaliation claim.

Second, plaintiff failed to address element four, explaining how defendant Mills' actions chilled plaintiff's exercise of his First Amendment rights.

Finally, plaintiff's complaint must be dismissed because he failed to identify any injury he claims he suffered as a result of his allegations. Indeed, plaintiff's form complaint is missing pages four and five. It is unclear plaintiff can demonstrate such injury as his complaint confirms that even though he did not receive his commissary packages on October 17, 2021, his commissary orders were credited back to his account. Similarly, it is unclear whether plaintiff can state a cognizable claim based on the deprivation of commissary packages on only one occasion.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall file his amended complaint on the court's form, taking care to provide all of six of the pages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

////

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

Dated:  January 19, 2022

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

/hatt2416.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DEWAYNE HATTON,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLS, et al.,<br><br>    Defendants. | No. 2:21-cv-2416 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____         Amended Complaint

                                            _____
                                            Plaintiff