UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DEWAYNE HATTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILLS, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-2416 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now before the court.  As discussed below, plaintiff's amended complaint should be dismissed without leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Allegations

Plaintiff's amended complaint is virtually identical to his original complaint, except that he omitted "retaliation" and checked the box "disciplinary proceedings." (ECF No. 8 at 3.) Plaintiff alleges he was deprived of his commissary on October 17, 2021, despite his commissary restriction not beginning until October 18, 2021. When he challenged the deprivation through a jail grievance, plaintiff claims defendant Kimberly lied, claiming plaintiff began cursing when Kimberly entered the pod and felt it was unsafe to open plaintiff's cell door. As injury, plaintiff now alleges he was "disappointed" because the jail handbook claims inmates have a right to be free from retaliation, yet defendant deprived plaintiff of his commissary privilege "because she could for no reason." (ECF No. 8 at 3.) Plaintiff seeks money damages.

////

////

1 | Plaintiff Fails to Demonstrate Standing

2 |       Plaintiff's allegations make clear that he was deprived of commissary on one occasion,
3 | October 17, 2021, and that his sole injury was "disappointment." (ECF No. 8 at 3.) As noted in
4 | this court's prior order, plaintiff's returned commissary items were credited to his account, which
5 | plaintiff acknowledged in his grievance. (ECF No. 5 at 5, citing ECF No. 1 at 9, 10.)

6 |       "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and
7 | 'controversies.'" Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157 (2014). "To establish
8 | Article III standing, the plaintiff seeking compensatory relief must have (1) suffered an injury in
9 | fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to
10 | be redressed by a favorable judicial decision." Town of Chester v. Laroe Estates, Inc., 137 S. Ct.
11 | 1645, 1650 (2017) (internal quotation marks omitted) (citing Spokeo, Inc. v. Robins, 136 S. Ct.
12 | 1540 (2016)). Further, a plaintiff must show that the "injury in fact" is "concrete and
13 | particularized" and "actual or imminent," rather than "conjectural or hypothetical." Susan B.
14 | Anthony List, 473 U.S. at 157-58 (internal quotation marks omitted); see also Hollingsworth v.
15 | Perry, 570 U.S. 693, 706 (2013) (noting that a "'generalized grievance,' no matter how sincere, is
16 | insufficient to confer standing"); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)
17 | (plaintiff first must demonstrate the existence of an injury in fact, that is, "an invasion of a legally
18 | protected interest which is (a) concrete and particularized, and (b) actual or imminent, not
19 | conjectural or hypothetical" (citations and internal quotation marks omitted)). "The party
20 | invoking federal jurisdiction bears the burden of establishing 'standing.'" Susan B. Anthony List,
21 | 473 U.S. at 158; see also Hollingsworth, 570 U.S. at 715.

22 |       Because plaintiff suffered no injury in fact, he cannot establish standing under Article III.
23 | Where there is no injury in fact, currently or prospectively, there is no "live" controversy, the case
24 | is rendered moot, and jurisdiction over the dispute is lacking. See McQuillion v.
25 | Schwarzenegger, 369 F.3d 1091, 1092 (9th Cir. 2004) (holding that a judicial pronouncement as
26 | it relates to a plaintiff who has no live controversy "would be an advisory opinion, which the
27 | Constitution prohibits").
28 | ////

3

1     Plaintiff was provided an opportunity to amend his original complaint, and his allegations make clear that further amendment would be futile in light of his inability to demonstrate standing.

    In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

    IT IS RECOMMENDED that this action be dismissed without leave to amend.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 12, 2022

_\[signature\]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hatt2416.56.std